### IN THE UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TANGULA M. BETTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 13-cv-6540** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | **Magistrate Judge Susan E. Cox** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Plaintiff Tangula Betts ("Plaintiff") appeals the Commissioner of Social Security's ("Commissioner") decision to deny her Social Security disability benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act. We hereby construe Plaintiff's memorandum for summary judgment [dkt. 38] as a motion, and grant that motion. We deny the Commissioner's motion for summary judgment [dkt. 45]. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

### BACKGROUND

Plaintiff originally filed her application for Social Security benefits on April 26, 2006, alleging that she had been disabled since February 6, 2003. (R. at 697-704.) Plaintiff's application for benefits was denied, and after a hearing before an Administrative Law Judge ("ALJ"), her benefits were denied again. (R. 43-97.) Plaintiff appealed her denial to the United States District Court for the Northern District of Illinois. The ALJ's decision was reversed and remanded by Magistrate Judge Jeffrey Cole. *Betts v. Astrue*, 09-cv-7094, Dkt. 30 (N.D. Ill. May 6, 2011). Among the reasons that Judge Cole remanded the case was the ALJ's failure to "address the fact that the four and one-half hours per day plaintiff worked [as a bus driver] took place over two shifts or that between those two shifts, the plaintiff had to lie down for nearly four

1

hours because of her back pain." *Id.* at 22.

Upon remand, the case was heard by ALJ Roxanne J. Kelsey on April 20, 2012. (R. at 533-587.) Following the hearing, the ALJ determined, *inter alia*, that: (1) Plaintiff had not engaged in substantial gainful activity since February 6, 2003; (2) Plaintiff suffered from severe impairments in the form of degenerative disc disease of lumbar spine status post laminectomy and excision of tumor, lower left side radiculopathy, mild cervical spondylosis, and obesity; (3) Plaintiff's impairments did not meet the severity of "the listings" in 20 CFR Part 404, Subpart P, Appendix 1; (4) Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, provided that she could change position from sitting to standing every 15 minutes, she could not climb ladders, ropes, or scaffolds, could not kneel or crawl, could only occasionally climb ramps or stairs; however, the ALJ found that Plaintiff could maintain attention for at least 90% of the workday despite changing positions and despite her pain and fatigue, would not need to rest outside of normally scheduled breaks, and can frequently balance; (5) the claimant is unable to perform her past relevant work as a housekeeper, bus driver, or file clerk; and (6) there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, given her age, education, work experience, and residual functional capacity. (R. at 512-527.)

The medical evidence shows that Plaintiff has a long history of back pain, including two back surgeries to attempt to repair disc herniations and a benign tumor located near Plaintiff's S1 nerve root. The Court will not summarize the medical records through October 2007, as those records were already discussed in Judge Cole's opinion, and are not relevant to this Court's analysis below. *See Betts v. Astrue*, 09-cv-7094, Dkt. 30 at 4-12 (N.D. Ill. May 6, 2011). In fact, this Court's issue with the ALJ's opinion has less to do with the medical facts in this case than it does with the legal analysis, or lack thereof, performed by the ALJ. As such, this Court will not

belabor the lengthy medical history that Plaintiff presented and was thoroughly and accurately summarized by the ALJ. (R. at 516-525.) Instead, this Court will focus on the ALJ's failure to analyze this medical information and adequately articulate how the ALJ used that information to synthesize her conclusions, which constitutes reversible error.

## I.    STANDARD OF REVIEW

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act, if it is supported by substantial evidence, and if it is free of legal error. 20 C.F.R. §§ 404.1520(a) and 416.920(a); 42 U.S.C. § 405(g). Substantial evidence is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This Court must reverse if there is an error of law, even if the evidence adequately supports the conclusion. *Schmoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980). Although we review the ALJ's decision deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). A "minimal[] articulat[ion] of her justification" is enough. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).

## II.    DISCUSSION

The Plaintiff has raised several arguments supporting reversal of the ALJ's decision. We address two aspects of the ALJ's opinion: her failure to build a logical bridge between the evidence and her RFC finding, and her failure to follow Judge Cole's instruction that she consider the fact that Plaintiff's previous work allowed her to split her shifts with a significant rest period.

### A.    The ALJ Failed To Build A Logical Bridge Between the Medical Evidence and Her RFC Finding.

"[A]n ALJ must articulate in a rational manner the reasons for his assessment of a claimant's residual functional capacity, and in reviewing that determination a court must confine itself to the reasons supplied by the ALJ." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). "Therefore the ALJ himself must connect the evidence to the conclusion through an 'accurate and logical bridge.'" *Id.* (quoting *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). "In so doing, the ALJ must 'sufficiently articulate his assessment of the evidence to 'assure us that [he] considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning.'" *Newell v. Astrue*, 869 F. Supp. 2d 875, 883 (N.D. Ill. 2012) (quoting *Carlson v. Shalala,* 999 F.2d 180, 181 (7th Cir.1993)).

In this case, the ALJ failed to build a logical bridge between her conclusions and the medical evidence, and did not articulate her reasons for her RFC finding. The section of the ALJ's opinion devoted to the Plaintiff RFC begins with a recitation of the relevant standards and procedures that the ALJ must use in making her RFC determination. (R. at 516.) Then, the ALJ embarks on an eight-page recitation of the medical records; the ALJ offered no analysis of these records, other than to occasionally punctuate a paragraph by succinctly stating the amount of weight the ALJ believed should be afforded certain evidence. (R. at 516-524.) Following this thorough recounting of the Plaintiff's medical history, the ALJ ruled that "[a]fter careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. at 524.) The ALJ then explained that she only gave "some weight" to the Plaintiff's treating physician's opinion because the treating physician's residual functional capacity assessment was

inconsistent with his treatment notes.  (R. at 525.)  Next, the ALJ rejected the state agency medical consultant's opinion that the claimant could perform light work "based on the evidence and hearing testimony."  (R. 525.)  This is the only analysis the ALJ conducted.

While the Court believes that the ALJ has sufficiently explained her reasoning for rejecting these doctors' opinions, she failed to provide any affirmative explanation for how she reached her RFC determination.  She simply claimed that "the residual functional capacity assessment is supported by the overall evidence of the record; the medical evidence; the claimant's testimony; the claimant's activities; and other factors described above."  (R. 525.)  However, after a review of the opinion, the Court cannot locate where these "other factors" were described.  It is unclear which specific medical opinions and which treatment records supported the ALJ's conclusion.  Without a clear articulation of which medical records provide support for her opinion, this Court is simply left to guess whether there is support for the RFC determination or whether the ALJ fabricated it out of whole cloth.  For example, the Court cannot figure out where the ALJ found support for her finding that the Plaintiff "could maintain attention for at least 90% of the workday despite changing positions and despite her pain and fatigue."  (R. at 515.)  The ALJ did not cite any medical evidence to support this finding, and this Court's review of the administrative record did not reveal any documentation for the ALJ's conclusion.

In short, the ALJ's opinion consists of a long factual recounting of the medical record, a rejection of two physicians' opinions, and a conclusory statement that the "overall evidence of the record" supports the ALJ's RFC determination.  This Court does not believe that this sufficiently articulates her assessment of the evidence such that this Court can trace a path to the ALJ's reasoning.  As such, she failed to build an accurate logical bridge between her conclusions and the record, and her decision is reversed and remanded.

**B.     The ALJ Failed To Consider Plaintiff's Shift Splitting.**

As noted above, Judge Cole previously remanded this case due to the ALJ's failure to "address the fact that the four and one-half hours per day plaintiff worked [as a bus driver] took place over two shifts or that between those two shifts, the plaintiff had to lie down for nearly four hours because of her back pain." *Betts v. Astrue*, 09-cv-7094, Dkt. 30 at 22 (N.D. Ill. May 6, 2011). Even the ALJ understood that this was an express mandate from Judge Cole, noting that "[p]ursuant to the District Court remand order, the Appeals Council has directed the undersigned to (1) determine whether the claimant is capable of working an 8-hour workday, considering her prior split shift . . . ." (R. at 512.) A review of the ALJ's opinion shows that she did, in fact, determine that Plaintiff was capable of working a full workday. However, there is no indication that the ALJ considered the Plaintiff's prior split shift when she made this determination, which Judge Cole required the ALJ to do on remand. This failure is clear error and requires remand to comply with the Judge Cole's previous mandate, which is echoed by this Court.

## CONCLUSION

We hereby construe Plaintiff's memorandum for summary judgment [dkt. 38] as a motion, and grant that motion. We deny the Commissioner's motion for summary judgment [dkt. 45]. The Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

**ENTER:**

**DATED:**     April 19, 2016

_____

Susan E. Cox
United States Magistrate Judge

6